Carla G. McClurg, CSB# 227738
Trial Attorney
U.S. Department of Justice
Office of the United States Trustee
620 SW Main Street, Room 213
Portland, OR 97205
Tel: (503) 326-7659
Email: carla.mcclurg@usdoj.gov

Attorney for Gail Brehm Geiger, Acting United States Trustee for Region 18, Plaintiff

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>Mary Ann Michiko Roberts,<br><br>Debtor. | Case No.   15-63116-tmr7 |
| United States Trustee,<br><br>Plaintiff,<br><br>v.<br><br>Vincent Howard,<br>Howard Law, P.C.,<br>Erik Graeff, and<br>Law Offices of Erik Graeff, P.C.,<br><br>Defendants. | Adversary No.   16-____-tmr<br><br>**UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS** |

Plaintiff Acting United States Trustee for Region 18, Gail Brehm Geiger, respectfully alleges:

1.      This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.  This adversary proceeding relates to the chapter 7 bankruptcy case of *In re Mary Ann Michiko Roberts*, Case No. 15-63116-tmr7, pending in the U.S. Bankruptcy Court for

**Page 1 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

the District of Oregon, Eugene Division.

2.     The matter in controversy arises under 11 U.S.C. §§ 105, 329, and 526; LBR 9011-3; and the court's inherent authority.  It is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper pursuant to 28 U.S.C. § 1409.  Plaintiff is authorized to file this complaint pursuant to 11 U.S.C. § 307.  Pursuant to Local Bankruptcy Rule 7008-1, plaintiff consents to the Court's entry of a final judgment in this matter.

### The Debtor

3.     Debtor Mary Ann Michiko Roberts ("Roberts") is a resident of Eugene, Oregon and has resided in Oregon at all times pertinent to this complaint.

4.     Roberts is an assisted person as defined by 11 U.S.C. § 101(3).

5.     At the time of her first contact with defendants or their representatives in or about August 2014, Roberts's primary source of income was approximately $1,150 per month in Social Security disability payments.  Roberts is currently disabled and has been disabled and unable to work since approximately 2008.  Roberts's current income from Social Security disability is approximately $1,271 per month.

### The Defendants

6.     Defendant Vincent Howard ("Howard") is an attorney who has been licensed to practice law in the State of California since 2004.  Howard is not authorized to practice law in the State of Oregon and is not admitted to practice in the District Court for the District of Oregon.

7.     Defendant Howard Law P.C. ("Howard Law") is an active California corporation that was incorporated on or about July 21, 2011.  Howard is the president and only shareholder of Howard Law. Howard Law's principal place of business is in Anaheim, California.

8.     Howard previously was a partner in and/or did business as Howard Nassiri, a Limited Liability Partnership and Howard Nassiri, P.C. (collectively "Howard Nassiri").  Howard Law assumed responsibility for Howard Nassiri's clients after they dissolved or ceased

**Page 2 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06062-rld    Doc 1    Filed 06/10/16

operating.

9. Howard and Howard Law were debt relief agencies as defined in 11 U.S.C. § 101(12A) at all times pertinent to this complaint.

10. Defendant Erik Graeff ("Graeff") is an attorney licensed to practice law in Oregon, Washington, and California. Graeff has been licensed to practice law in California since December 1, 2009; in Oregon since May 17, 2010; and in Washington since October 29, 2014.

11. Defendant Law Offices of Erik Graeff, P.C. ("Graeff Law") is an Oregon corporation that was incorporated on or about December 8, 2010. Graeff is the president and registered agent of Graeff Law. Graeff Law's principal place of business is in Portland, Oregon.

12. Graeff and Graeff Law were debt relief agencies as defined by 11 U.S.C. § 101(12A) at all times pertinent to this complaint.

### The Morgan Drexen Business Model and Its History

13. Defendants participated in a business enterprise with Morgan Drexen, Inc. ("Morgan Drexen"). Morgan Drexen was a Nevada corporation with a principal place of business located in California. It provided debt resolution services to at least tens of thousands of financially distressed consumer-clients throughout the United States who responded to Morgan Drexen placed advertisements.

14. Morgan Drexen was not a law firm, but in or about 2007, it adopted an "Attorney Model" to provide debt resolution services to consumers. Under the Attorney Model, Morgan Drexen, with the assistance of Defendant Howard and/or Howard Nassiri, formed a network of attorneys throughout the United States to participate with Morgan Drexen to provide consumer debt resolution services. Morgan Drexen characterized its services as back-office paralegal and paraprofessional support for the attorneys.

15. The Morgan Drexen network of attorneys included a limited number of attorneys called "Engagement Counsel," who would enter into contracts with clients, and a larger number of "Local Counsel," who would perform clients' legal work in jurisdictions in which

**Page 3 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06062-rld   Doc 1   Filed 06/10/16

Engagement Counsel was not authorized to practice. Engagement Counsel entered into contracts with Local Counsel that generally specified how Local Counsel would be compensated for their work. Engagement Counsel and Local Counsel generally both entered into contracts with Morgan Drexen. Sometimes, as occurred with Roberts, Local Counsel entered into contracts with debtors.

16.     In 2009, Morgan Drexen became aware of proposed amendments to federal regulations that would ban advance fees for debt settlement services. Thereafter, Morgan Drexen changed its business model so the majority of consumers signed fee agreements with Morgan Drexen affiliated attorneys for both debt settlement and bankruptcy services. Upfront attorney fees and costs were charged to consumers for bankruptcy services although some of these consumers did not want to file bankruptcy and most never did file bankruptcy cases.

## Morgan Drexen's Bankruptcy Services

17.     Some of the consumers in the Morgan Drexen program filed or requested to file bankruptcy. Morgan Drexen's services for bankruptcy filing included the following:

    a.  Soliciting clients;

    b.  Receiving information from clients and enrolling them in bankruptcy and debt resolution programs;

    c.  Assigning clients to Morgan Drexen affiliated attorneys;

    d.  Obtaining clients' signatures on bankruptcy fee agreements with Morgan Drexen affiliated attorneys;

    e.  Arranging and managing ACH withdrawals from client bank accounts to accounts in the names of Morgan Drexen affiliated attorneys;

    f.  Collecting, disbursing and accounting for funds paid by clients;

    g.  Serving as the primary contact for clients;

    h.  Preparing bankruptcy documents; and

    i.  Arranging for counsel to appear with clients at meetings of creditors.

**Page 4 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06062-rld    Doc 1    Filed 06/10/16

**Morgan Drexen's Current Status**

18.     In August 2013, the Consumer Financial Protection Bureau ("CFPB") sued Morgan Drexen and its principal in the District Court for the Central District of California (the "CFPB Litigation").  The lawsuit alleged that unnecessary bankruptcy services were bundled with debt relief services to disguise the upfront fees charged as bankruptcy fees for what were essentially debt relief services.  The district court permanently enjoined Morgan Drexen and others on June 18, 2015 after finding that consumers were charged illegal upfront fees for debt relief services and that false representations were made to consumers.

19.     Morgan Drexen is no longer operating.  It currently is a chapter 7 debtor in the Central District of California.

**The Relationship among the Defendants in This Case**

20.     Graeff signed a Local Counsel Engagement Letter with Howard Nassiri on or about October 29, 2010.  The letter confirmed Graeff's law firm as "Local Counsel" for Howard Nassiri, which was "Engagement Counsel."

21.     The Local Counsel Engagement Letter stated that Howard Nassiri was a "national law firm based in Southern California that provide[d], *inter alia*, debt settlement and bankruptcy services to near-bankrupt or bankrupt consumers."  The Local Counsel Engagement Letter further explained that Howard Nassiri "provide[d] legal advice and representation on the debt problems of individuals from across the United States" and "hire[d] qualified attorneys from around the United States to help fulfill its obligations to the Engagement Law Firms."

22.     The Local Counsel Engagement Letter defined "Engagement Law Firms" and "Engagement Counsel" as law firms, including Howard Nassiri, that "contract the direct services of Morgan Drexen, Inc. and are the actual clients of Morgan Drexen."  The definition section of the Local Counsel Engagement Letter further explained:

> The Engagement Law Firms, not Morgan Drexen, are responsible for providing debt settlement and/or bankruptcy services to the clients.  The Engagement Law Firms supervise the work and are responsible for maintaining the client trust accounts for its clients.

**Page 5 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

23.     The Local Counsel Engagement Letter explained that Howard Nassiri had "Of Counsel" relationships to other "Engagement Law Firms" and that "[t]his unique relationship" allowed Howard Nassiri to provide these Engagement Law Firms with attorneys "to assist . . . with legal work in jurisdictions where the Engagement Counsel is not licensed to practice law."

24.     The purpose of the Local Counsel Engagement Letter was to confirm that Howard Nassiri retained Graeff to act as local counsel in Oregon "to perform whatever legal services are necessary for [Howard Nassiri]'s clients that [Howard Nassiri] cannot provide in your jurisdiction because We are not licensed there." The Local Counsel Engagement Letter further provided that Howard Nassiri "will identify exactly what services [Howard Nassiri] wish[es] [Graeff] to provide as the case progresses."

25.     In a July 14, 2011 letter from Howard Nassiri to Graeff (the "Letter of Understanding"), Howard Nassiri set forth "the understandings and intentions" between Howard Nassiri and Graeff and "define[d] the relationships among Local Counsel [Graeff], Engagement Counsel [Howard Nassiri], and Morgan Drexen, Inc. . . . within the Network." The Letter of Understanding also set forth "an understanding and agreement between Graeff and Howard Nassiri, P.C. that the parties will form relationships within the framework of the Network in order to further expand the Network as a mutual resource for our respective firms and clients."

26.     The Letter of Understanding explained that Morgan Drexen supported Howard Nassiri and other "Engagement Counsel" by providing access to Morgan Drexen's "proprietary software and administrative legal support services." It further explained that Morgan Drexen supported "Engagement Counsel" and also local counsel.

27.     The Letter of Understanding was signed by Graeff and Howard on behalf of Howard Nassiri. It included the following covenants between Graeff and Howard Nassiri:

        a.     Howard Nassiri, including the attorneys within its "Network" would "serve in an Of Counsel capacity to Graeff" such that Graeff could "access the services of an attorney within the Network to perform legal work in jurisdiction(s) where the representation of a

**Page 6 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06062-rld    Doc 1    Filed 06/10/16

client of Graeff require[d] an attorney licensed to practice law in that jurisdiction."

   b.   Graeff agreed "to participate in the Network for the purpose of providing . . . . local counsel services . . . to other attorneys within the Network as needed."

   c.   Howard Nassiri agreed to "assist in the supervision of the day-to-day services of the Morgan Drexen staff to ensure that the work is performed within appropriate professional and/or ethical standards and does not constitute the practice of law."

   d.   Graeff, when serving as local counsel for another law firm's client, agreed "to assist in the supervision of the Morgan Drexen staff to ensure that the administrative services performed by Morgan Drexen is compliant with the rules of professional conduct for Graeff's jurisdiction."

   28.   Howard, on behalf of Howard Nassiri and Howard Law, signed an Amendment to the Local Counsel Engagement Agreement (the "Amended Engagement Agreement") on or about August 23, 2011 in which Howard Law agreed to take over the rights and responsibilities of Howard Nassiri under the Local Counsel Engagement Letter.  Graeff signed the Amended Engagement Agreement on behalf of Graeff Law.

   29.   Letterhead and forms for bankruptcy and debt settlement received by clients whom Graeff obtained through his relationship with Howard Law regularly indicated on the top that Graeff Law was part of the "Of Counsel Network of Regional Attorneys, Howard Law, P.C., Firm of Counsel, Principal Licensed in California."

   30.   Graeff testified during a Fed. R. Bankr. P. 2004 examination in the bankruptcy case of *In re Cheryl Kae Stites*, Case No. 14-35071-rld7 (the "Stites Bankruptcy Case") on January 30, 2015 (the "Graeff 2004 Exam") that he originally understood that his relationship to Howard Law was as an associate of Howard Law, but that he understood he was not an associate with Howard Law approximately two years before the Graeff 2004 Exam.  Graeff further testified, regarding the change in his understanding of his relationship with Howard Law, as follows: "I don't – I'm not aware of a name to call it.  I would say that 'of counsel' is as good as

**Page 7 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06062-rld    Doc 1    Filed 06/10/16

any."

31.     At times, Graeff was listed as an associate attorney at Howard Law on Howard Law's website, www.howardlawpc.com, including in or about February 2015.

32.     On information and belief, Howard and/or Howard Law profited directly or indirectly from fees paid to Graeff and/or Graeff Law as a result of the association between Graeff and Howard Law.

33.     At all times pertinent to this complaint, Graeff and/or Graeff Law acted in conjunction with Howard and/or Howard Law in connection with the clients obtained through Morgan Drexen.

34.     Howard Law used the services of Morgan Drexen for administrative and legal support services until about July 2015.

35.     Graeff and Graeff Law used the services of Morgan Drexen for administrative and legal support services for clients obtained through Graeff's relationship with Howard Law.

36.     Defendants Graeff, Graeff Law, Howard, and Howard Law are responsible for Morgan Drexen's actions with respect to Roberts in connection with the events described in this complaint.

37.     Graeff testified during the Graeff 2004 Exam that he terminated his relationships with Morgan Drexen and Howard Law as of that date.

### Facts Specific to Roberts

#### *Initial Contacts*

38.     In or about August 2014, Roberts called a phone number in response to a television advertisement for bankruptcy services and spoke with a Morgan Drexen representative (the "First Call").  Roberts was interested in hiring an attorney to assist her in filing bankruptcy.

39.     During the First Call, Roberts expressed interest only in bankruptcy services.

/ / /

/ / /

**Page 8 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

40.     A Morgan Drexen representative informed Roberts during the First Call that the total fee for bankruptcy services would be $1,295 paid at a rate of $244 per month that would be debited from her bank account.

### *The Engagement Agreements*

41.     Shortly after the First Call, Roberts received three engagement agreements for services to be rendered by Graeff Law: the Attorney/Client Fee Agreement – Debt Resolution Representation (the "Debt Settlement Agreement"), The Attorney/Client Bankruptcy Fee Agreement (the "Bankruptcy Agreement"), and the Legal Assistance Program True Retainer Agreement (the "LAP Agreement") (collectively referred to herein as the "Engagement Agreements").

42.     Roberts signed the Engagement Agreements on or about August 19, 2014 and mailed them to Morgan Drexen.  When Roberts signed the Engagement Agreements she did not understand that they contemplated services and fees other than for bankruptcy.  Roberts signed the Engagement Agreements based on representations of Morgan Drexen staff that she had to sign the Engagement Agreements to receive bankruptcy services.

43.     The Debt Settlement Agreement provided for Graeff Law to represent Roberts "with respect to the debt resolution wherein [Graeff Law] will attempt to negotiate a final compromise of your unsecured debts . . . ."  However, Roberts did not intend to engage Graeff Law to resolve her debts.  Roberts signed the Debt Settlement Agreement based upon representations of Morgan Drexen staff that the Debt Settlement Agreement was part of the documents that she must sign to obtain bankruptcy services from Graeff Law.

44.     The LAP Agreement provided that Graeff Law would provide the following services to Roberts for a $50 flat monthly fee: an initial phone consultation for each new legal matter, initial face-to-face consultations for each new legal matter, review of independent legal documents (up to six pages), a simple will upon request (after four months of enrollment), assistance to Roberts representing herself in small claims matters per year, one letter per month

**Page 9 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06062-rld    Doc 1    Filed 06/10/16

when Graeff Law "deems it meritorious," up to two phone calls per month when Graeff Law "deems it meritorious," follow up with creditors after bankruptcy or debt settlement, and up to two simple documents each month (such as automobile bills of sale, rental agreements, medical records requests, power of attorney, quitclaim deed, and warranty deed).

45.     Roberts did not request that Graeff Law perform any of the services outlined in the LAP Agreement.  Roberts only requested bankruptcy services.

46.     Under the LAP Agreement, the flat monthly fee charged was $50 per month, which would be reduced to $17.50 per month on the earlier of the filing of a bankruptcy petition or decision not to file bankruptcy.

47.     When Roberts signed the Bankruptcy Agreement she did not understand that the LAP Agreement and the Debt Settlement provided for fees in addition to the flat fee in the Bankruptcy Agreement.

48.     The Bankruptcy Agreement included a flat fee of $1,295 for a chapter 7 petition and additional fees of $335 for filing fees, $55 for credit counseling and debtor education, and $20 for credit report fees.

49.     Roberts did not understand when she signed the Bankruptcy Agreement that the filing fees, fees for credit counseling and debtor education, and credit report fees were not included in the $1,295 flat fee.

50.     The Bankruptcy Agreement provided that Graeff's Law's work

> will commence promptly; however, the completion of the Chapter 7 petition
> preparation and filing will not be accomplished until all fees . . . have been
> paid.  The filing of the petition will only occur once you have provided
> [Graeff Law] with approval and have paid all fees.

51.     The Bankruptcy Agreement represented that, by signing the agreement, Roberts "authorize[d] [Graeff Law] with the discretion to select, if necessary, an attorney licensed to practice law in [her] jurisdiction ("local counsel") and/or a bankruptcy attorney to assist [Graeff Law] in providing services under this Agreement."  The Bankruptcy Agreement further represented that Graeff Law's "use of local counsel will not increase the fees and charges

**Page 10 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06062-rld    Doc 1    Filed 06/10/16

[Roberts] agreed to pay under this Agreement."

*The Welcome Packet*

52.     On or after September 15, 2014, Roberts received a welcome packet from Morgan Drexen in a blue folder bearing Morgan Drexen's logo and information (the "Blue Folder").

53.     The Blue Folder included a welcome letter and related documents for Roberts to complete for the "bankruptcy services program" on one side and for "non-formal debt resolution" on the other side.  The letterhead displayed on the welcome letters for both the "bankruptcy services program" and for "non-formal debt resolution" included Graeff Law on the center top portion of the page and indicated also in the top portion of the page that Graeff Law was part of the "Of Counsel Network of Regional Attorneys, Howard Law, P.C., Firm of Counsel, Principal Licensed in California."

54.     After Roberts received the Blue Folder, she called and spoke with a Morgan Drexen representative in mid to late September 2014.  Roberts informed Morgan Drexen's representative several times during the call that she only wanted bankruptcy services.  The Morgan Drexen representative instructed Roberts to fill out both sides of the Blue Folder because that was how things were done by Morgan Drexen for bankruptcy matters.

55.     Soon after September 2014, Roberts provided the information and documents to Morgan Drexen as requested in the Blue Folder, including information required to complete her bankruptcy petition and related documents.

*Fees charged by Graeff and Graeff's termination of Roberts as a client*

56.     Roberts's bank account was debited $1 by Graeff Law on or about August 26, 2014 and $244 per month from September 4, 2014 through February 4, 2015 for a total of $1,465.

57.     Graeff testified during the Graeff 2004 Exam that he maintained a trust and operating account (the "Accounts") that Morgan Drexen managed for clients obtained through his Howard Law relationship.  Graeff testified at the Graeff 2004 Exam that he did not maintain

**Page 11 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06062-rld    Doc 1    Filed 06/10/16

independent records for the Accounts and delegated oversight of the Accounts to attorneys associated with Morgan Drexen and/or Howard Law.

58.     Roberts did not speak to Graeff or any other attorney associated with Howard Law until after she received a letter from Graeff dated February 10, 2015 (the "Termination Letter") informing Roberts that he was terminating his representation of her as follows:

> It has been a pleasure providing you with legal representation. Unfortunately, I am unable to continue handling your legal matter. It is my understanding that Morgan Drexen has contacted you with information about substitute counsel who will be able to assume responsibility for your matter. If that is not the case, please notify me immediately so I can take steps to protect your interests.

59.     Roberts called Graeff shortly after receiving the Termination Letter. This call was the first time Roberts spoke to Graeff.

60.     Roberts did not agree that Graeff could terminate his representation of her. However, Graeff indicated during the phone call that he would only provide Roberts with legal assistance if she obtained a refund from Morgan Drexen and paid Graeff fees.

61.     During the Graeff 2004 Exam, he was asked how Howard Law clients assigned to Graeff Law would be transitioned to a new attorney after the Graeff Law and Howard Law relationship was terminated, and Graeff testified: "Some of them I wanted them to, you know, transfer to other clients [sic], pursuant to the client consent and retainer agreements. Many of them, I believe, Morgan Drexen is going to drop the ball with, and so I'm going to just directly engage those clients." When asked how many of those clients were expecting to file bankruptcy now, or were thinking about bankruptcy, Graeff responded: "Oh, I see none."

### *Fees charged by Howard and Howard's failure to provide Roberts with an Oregon attorney to consult*

62.     In the spring and summer 2015, Roberts was undergoing medical treatment. She received collection letters while recuperating from her medical procedures, which caused her anxiety and stress. Roberts contacted Morgan Drexen multiple times during the spring and summer 2015 in an attempt to get her bankruptcy petition finalized and filed.

**Page 12 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

63.     After Graeff terminated his representation of Roberts, Howard Law debited Roberts's bank account approximately $865.00 from about March 4, 2015 through July 7, 2015.

64.     After Graeff terminated his representation of Roberts, Morgan Drexen informed Roberts that she could consult with Oregon attorney James C. Loy ("Loy"), local counsel for Howard Law.  When Roberts spoke with Loy by phone on or about March 13, 2015, Loy informed her that she was likely judgment proof and that he did not provide bankruptcy services.

65.     On April 30, 2015, Howard Law sent a letter to Roberts explaining that "[y]ou currently are engaged in bankruptcy representation services with Howard Law, P.C."  Howard signed the April 30, 2015 letter.  The letter stated: "I would like to inform you that James C. Loy will now be serving as the licensed attorney in Oregon for your file."  The same letter represented that "James C. Loy is an experienced firm in consumer matters and . . . uses the support services of Morgan Drexen, Inc. to assist with bankruptcy matters."  It further provided that: "Unless you specifically advise us in writing within the next seven days that you do not approve the reassignment of James C. Loy, we will assume that you approve and continue your representation."

66.     In the April 30, 2015 letter, Howard Law did not inform Roberts that Rule 5.5(c) of the Oregon Rules of Professional Conduct specifies that a lawyer admitted in a jurisdiction other than Oregon may only provide legal services in Oregon on a temporary basis and must meet certain other requirements.

67.     In response to the April 30, 2015 letter, Roberts sent a letter to Howard on May 15, 2015.  In the May 15, 2015 letter, Roberts explained that she had talked with Loy before receiving the April 30, 2015 letter and learned that he did not provide bankruptcy services and would not assist her with a bankruptcy.  Roberts requested that Howard provide her with a bankruptcy attorney in the Lane County, Oregon area.  Roberts did not receive a response from Howard.

**Page 13 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06062-rld    Doc 1    Filed 06/10/16

68.     Roberts contacted Morgan Drexen in or about June 2015 because she did not understand why Howard Law continued to debit her bank account for fees.  Roberts believed that her bankruptcy fees had been paid in full.  In response, Morgan Drexen representatives advised Roberts that the $50 monthly fee was required to "stay in the program" and that, if Roberts did not pay the monthly fee, she would lose the funds she had already paid toward bankruptcy fees.

69.     On June 29, 2015, Roberts emailed Rudy Gomez at Morgan Drexen.  Roberts explained that she believed she had completed making monthly payments for bankruptcy services and that she was left without an attorney because Loy did not provide bankruptcy services.  Roberts requested a local attorney to handle her bankruptcy case or a refund.

70.     On or about June 30, 2015, Roberts spoke with a Morgan Drexen representative by phone who confirmed that there were no bankruptcy attorneys in Oregon associated with Howard Law.  During the phone call, the Morgan Drexen representative informed Roberts that Roberts would need to call again on or before August 5, 2015 in order to obtain a refund.

### Howard's engagement of Heather Brann as local counsel

71.     On or about July 20, 2015, a Howard Law bankruptcy liaison contacted Portland, Oregon attorney Heather A. Brann ("Brann") regarding representing Roberts.

72.     Brann telephoned Roberts at the end of July 2015 regarding Brann representing Roberts to prepare a bankruptcy case.  Brann informed Roberts during the call that Brann's fees on her bankruptcy matter would be paid by Morgan Drexen and/or Howard Law.

73.     Brann worked with Howard Law staff and communicated with Roberts to prepare Roberts' bankruptcy documents.  A petition, schedules, statements, and related documents (the "Original Bankruptcy Documents") were mailed to Roberts to sign on or after August 24, 2015.  Roberts signed the documents a few days later.

74.     On August 25, 2015, Howard Law issued a check to Heather A. Brann P.C. in the amount of $1,689.00 for attorney's fees, court filing fees, and related costs to file a bankruptcy case for Roberts.

**Page 14 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

75.     Howard Law issued two invoices to Brann on August 25, 2015 requesting payment from Brann in the total amount of $854 (collectively the "Howard Law Invoices"). One invoice requested $400.75 for the following items: marketing and advertising costs ($341.75), Start Fresh credit counseling and/or debtor education ($39.00), and credit report ($20). The other invoice requested $453.25 for "servicing support." Brann did not pay the Howard Law Invoices.

76.     Brann created an electronic version of the Original Bankruptcy Documents and filed them on September 15, 2015 (the "Filed Bankruptcy Documents"). The Filed Bankruptcy Documents were different from the Original Bankruptcy Documents in the following respects: (1) they listed different balances on Schedule B, item 2, concerning the aggregate balance in Roberts's bank accounts; (2) they listed different year-to-date amounts for 2015 for Roberts's Social Security and SNAP benefits; and (3) the dates included for Roberts' signatures did not match. The Filed Bankruptcy Documents and the Original Bankruptcy Documents otherwise matched.

77.     Statement of Financial Affairs ("SOFA") item 9 requires the listing of all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within one year immediately preceding the commencement of this case. The Original Bankruptcy Documents and the Filed Bankruptcy Documents disclosed only the following information in response to this item:

     a.   Roberts paid Brann in 2015 "$1,295.00 for bankruptcy representation" and "$355.00 for bankruptcy court filing fee;" and

     b.   Roberts paid Start Fresh Today $39.00 in July 2015 for credit counseling and debtor education courses.

78.     The Original Bankruptcy Documents failed to include at least the following information known to Howard Law at the time Howard Law prepared them:

**Page 15 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06062-rld    Doc 1    Filed 06/10/16

a.   Payments to Howard Law of at least $865 in response to item 9 on the Original SOFA.

b.   The difference in the amount of fees that Roberts paid to Graeff Law/Howard Law and what Howard Law paid to Brann for her bankruptcy case on Schedule B.

**Pattern and Continuation of Conduct by Howard, Howard Law, Graeff, and Graeff Law**

79.   Defendants, through their conduct in Oregon and elsewhere, have engaged in a clear and consistent pattern or practice of problematic conduct, including violating 11 U.S.C. § 526, in at least one or more of the following respects:

*The Oregon Bankruptcy Case of Peggy Clements*

a.   In 2012, plaintiff expressed concerns to Graeff and Howard regarding their practices in connection with the bankruptcy case of *In re Peggy Louise Clements*, Bankruptcy Case No. 12-60336-tmr7 (the "Clements Bankruptcy Case").

b.   In an email to an attorney for plaintiff on or about June 29, 2012, in connection with the Clements Bankruptcy Case, Graeff represented: "I'm not going to work with Howard Law at all anymore in Oregon because it's too much trouble."

c.   On December 18, 2012, the court entered a Stipulated Order to Disgorge Attorneys' Fees and Costs Pursuant to 11 U.S.C. § 329(b) and Regarding Representation of Debtor (the "Clements Stipulated Order").  Pursuant to the Clements Stipulated Order, Howard Law agreed to disgorge funds in the amount of $4,864.22 to the bankruptcy estate in the Clements Bankruptcy Case.  In addition, the Clements Stipulated Order provided that, with the debtor's consent, Graeff could continue to represent Clements provided that Graeff and Clements entered into an attorney/client agreement in accordance with the Bankruptcy Code, Bankruptcy Rules, and applicable law in the District of Oregon and without any involvement of Howard Law and/or Morgan Drexen.

d.   Graeff testified during the Graeff 2004 Exam that after the Clements Bankruptcy Case, he informed Morgan Drexen and Howard Law that he would not work with them in

**Page 16 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06062-rld    Doc 1    Filed 06/10/16

Oregon. Graeff further testified that, after six or eight months of not accepting Oregon clients from Howard Law, he started working with Morgan Drexen and Howard Law again. However, Graeff's representation of Oregon clients referred to him by Howard Law continued during the Clements Bankruptcy Case and the months that followed. For instance, on or about November 19, 2012, Howard Law, through an internal accounting entry, credited Cheryl Kae Stites ("Stites") $1,152.12 to pay toward bankruptcy fees to be charged by Graeff Law, during a period of time Graeff testified he did not work with Howard Law in Oregon. In addition, in or about January 2013, Graeff entered into agreements with Kathleen Arthur ("Arthur) for bankruptcy services and for the Legal Assistance Program during a period of time that Graeff testified he was no longer accepting clients from Howard Law.

### *The Oregon Bankruptcy Case of Cheryl Kae Stites*

e. On January 29, 2016, plaintiff commenced an adversary proceeding by the filing of a complaint in the Stites Bankruptcy Case against Graeff, Graeff Law, Howard, and Howard Law entitled *United States Trustee v. Vincent Howard, et al.*, Adversary No. 16-3013-rld.

f. Defendants violated 11 U.S.C. § 526 in connection with the Stites representation.

### *The Oregon Bankruptcy Case of Kathleen Arthur*

g. Simultaneously herewith, plaintiff is filing an adversary proceeding complaint in the case of *In re Kathleen Arthur*, Case No. 15-62393-tmr7.

h. Defendants violated 11 U.S.C. § 526 in connection with the Arthur representation.

### *Potential Additional Oregon Cases or Clients*

i. In April 2015, Oregon clients of Howard Law, in addition to Roberts, were notified by mail by Howard Law that "James C. Loy will now be serving as the licensed attorney in Oregon for your file." However, as alleged above, Loy does not practice bankruptcy law and did not agree to provide bankruptcy advice to these clients.

**Page 17 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06062-rld    Doc 1    Filed 06/10/16

j.   Shortly in advance of Howard's Fed. R. Bankr. P. 2004 examination by plaintiff in the Stites Bankruptcy Case on September 1, 2015 (the "Howard 2004 Exam"), Howard provided lists of Oregon bankruptcy clients for Howard Law and Graeff Law to plaintiff. The list of Oregon clients Howard provided plaintiff showed that, as of approximately the date of the Howard 2004 Exam, Howard Law had 22 with active files and Graeff Law had 28 with active files (the "Graeff Oregon Client List").

k.   Two of Graeff Law's Oregon clients on the list engaged Graeff Law in June 2015 – after the Graeff 2004 Exam when Graeff testified he had terminated his relationship with Howard Law.

l.   The file number assigned to Roberts in connection with her representation by Graeff Law and Howard Law was included on the Graeff Oregon Client List.

m.   Howard testified during the Howard 2004 Exam that the clients on the Graeff Oregon Client List became clients of Howard Law when Graeff terminated his relationship with Howard Law.

n.   During the Howard 2004 Exam, Howard testified that he could not identify which Oregon clients had retained Howard Law for bankruptcy services.

o.   Howard refused to answer plaintiff's questions regarding whether an Oregon attorney had agreed to act as local counsel for Howard Law's Oregon bankruptcy clients.

**Pattern and Continuation of Conduct by Howard and Howard Law in Other Jurisdictions**

80.   On information and belief, defendants Howard and Howard Law have engaged in a clear and consistent pattern or practice of violating 11 U.S.C. § 526 in other jurisdictions. Among other things:

a.   Plaintiff asserts that some of the conduct and practices exposed during CFPB Litigation against Morgan Drexen and its principal will also demonstrate violations of 11 U.S.C. § 526 by Howard and Howard Law.

**Page 18 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06062-rld    Doc 1    Filed 06/10/16

b.   United States Trustees in other regions are investigating conduct involving the

Morgan Drexen business model and the conduct of Howard and Howard Law.  Plaintiff

asserts that some of the conduct and practices exposed during those investigations will

demonstrate violations of 11 U.S.C. § 526 by Howard and Howard Law.

**FIRST CLAIM FOR RELIEF**

**Civil Penalty for Misrepresenting Services**

**Against Graeff and Graeff Law**

**11  U.S.C. §§ 526(a)(3), 526(c)(5)(B)**

81.     Plaintiff realleges paragraphs 1 through 80 above.

82.     Graeff and Graeff Law provided bankruptcy assistance to Roberts as defined in

11 U.S.C. § 101(4A).

83.     Defendants Graeff and Graeff Law violated 11 U.S.C. § 526(a)(3) by

misrepresenting the services that they would perform to Roberts through their own acts and/or

through the acts of Morgan Drexen, in at least one or more of the following respects:

a.   By representing that the total fees and costs for bankruptcy representation was
$1,295.

b.   By representing that signing the LAP Agreement and the Debt Settlement

Agreement were necessary and appropriate to obtain bankruptcy services from Graeff

Law.

c.   By representing that Graeff Law's legal work under the Bankruptcy Agreement

would commence promptly.

d.   By representing that the use of local counsel under the Bankruptcy Agreement

would not increase the fees and charges paid by Roberts.

e.   By representing that Graeff Law was providing additional services for the $50 per

month fee that were not otherwise included in the flat fee of $1,295.

f.   By representing that completing the information and documents on the "non-

**Page 19 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES,
INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06062-rld    Doc 1    Filed 06/10/16

formal debt resolution" side of the Blue Folder was required to provide Roberts with bankruptcy services.

g. By representing by implication that the $50 per month fee in the LAP Agreement was reasonable and/or appropriate in connection with representation of Roberts for bankruptcy.

84. Graeff and Graeff Law intentionally violated 11 U.S.C. § 526(a)(3) or engaged in a clear and consistent pattern or practice of violating that section.

85. Pursuant to 11 U.S.C. § 526(c)(5)(B), a civil penalty should be imposed against Graeff and Graeff Law in the amount of up to $5,000 for their violation of 11 U.S.C. § 526(a)(3).

**SECOND CLAIM FOR RELIEF**

**Civil Penalty for Misrepresenting Services**

**Against Howard and Howard Law**

**11 U.S.C. §§ 526(a)(3), 526(c)(5)(B)**

86. Plaintiff realleges paragraphs 1 through 80 above.

87. Howard and Howard Law provided bankruptcy assistance to Roberts as defined in 11 U.S.C. § 101(4A).

88. Defendants Howard and Howard Law, through their owns acts and also through the acts of Graeff, Graeff Law, and/or Morgan Drexen, violated 11 U.S.C. § 526(a)(3) by misrepresenting the services that they would perform to Roberts through their own acts and also through the acts of Graeff, Graeff Law and/or Morgan Drexen, in at least one or more of the following respects:

a. By representing that the total fees and costs for bankruptcy representation was $1,295.

b. By representing that signing the LAP Agreement and the Debt Settlement Agreement were necessary and appropriate to obtain bankruptcy services from Graeff Law.

**Page 20 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

c.  By representing that Graeff Law's legal work under the Bankruptcy Agreement would commence promptly.

d.  By representing that the use of local counsel under the Bankruptcy Agreement would not increase the fees and charges paid by Roberts.

e.  By representing that Graeff Law was providing additional services for the $50 per month fee that were not otherwise included in the flat fee of $1,295.

f.  By representing that completing the information and documents on the "non-formal debt resolution" side of the Blue Folder was required to provide Roberts with bankruptcy services.

g.  By representing by implication that the $50 per month fee in the LAP Agreement was reasonable and/or appropriate in connection with representation of Roberts for bankruptcy.

h.  By representing that Loy would provide bankruptcy services to Roberts.

i.  By representing that Howard Law could provide legal services to Roberts in Oregon consistent with applicable law.

j.  By representing that that the $50 monthly fee must be paid by Roberts or that she would lose the funds she had paid toward bankruptcy fees.

89.    Howard and Howard Law intentionally violated 11 U.S.C. § 526(a)(3) or engaged in a clear and consistent pattern or practice of violating that section.

90.    Pursuant to 11 U.S.C. § 526(c)(5)(B), a civil penalty should be imposed against Howard and Howard Law in the amount of up to $5,000 for their violation of 11 U.S.C. § 526(a)(3).

/ / /

/ / /

/ / /

/ / /

**Page 21 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

### THIRD CLAIM FOR RELIEF

### Against Graeff and Graeff Law

### Civil Penalty for Failing to Perform Services

### 11 U.S.C. §§ 526(a)(1), 526(c)(5)(B)

91.    Plaintiff realleges paragraphs 1 through 80 and 82 above.

92.    Graeff and Graeff Law violated 11 U.S.C. § 526(a)(1) by failing to perform services they agreed to perform in at least one or more of the following respects:

      a.    By failing to timely complete Roberts's bankruptcy documents.

      b.    By failing to keep Roberts informed of the progress of her bankruptcy matter.

      c.    By unilaterally terminating representation of Roberts after Graeff and Graeff Law terminated their relationships with Howard and Howard Law.

93.    Graeff and Graeff Law intentionally violated 11 U.S.C. § 526(a)(1) or engaged in a clear and consistent pattern or practice of violating that section.

94.    Pursuant to 11 U.S.C. § 526(c)(5)(B), a civil penalty should be imposed against Graeff and Graeff Law in the amount of up to $5,000 for their violation of 11 U.S.C. § 526(a)(1).

### FOURTH CLAIM FOR RELIEF

### Against Howard and Howard Law

### Civil Penalty for Failing to Perform Services

### 11 U.S.C. §§ 526(a)(1), 526(c)(5)(B)

95.    Plaintiff realleges paragraphs 1 through 80 and 87 above.

96.    Howard and Howard Law through their own acts and also through the acts of Graeff, Graeff Law, and/or Morgan Drexen, violated 11 U.S.C. § 526(a)(1) by failing to perform services they agreed to perform in at least one or more of the following respects:

      a.    By failing to timely complete Roberts's bankruptcy documents.

      b.    By failing to keep Roberts informed of the progress of her bankruptcy matter.

      c.    By representing that Loy would provide Roberts with bankruptcy services.

**Page 22 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06062-rld    Doc 1    Filed 06/10/16

d.  By failing to timely provide Roberts with an Oregon attorney who could assist her with her bankruptcy matter.

97.     Howard and Howard Law intentionally violated 11 U.S.C. § 526(a)(1) or engaged in a clear and consistent pattern or practice of violating that section.

98.     Pursuant to 11 U.S.C. § 526(c)(5)(B), a civil penalty should be imposed against Howard and Howard Law in the amount of up to $5,000 for their violation of 11 U.S.C. § 526(a)(1).

**FIFTH CLAIM FOR RELIEF**

**Against Howard and Howard Law**

**Civil Penalty for Advising Roberts to Make Untrue and/or**

**Misleading Statements**

**11 U.S.C. §§ 526(a)(2), 526(c)(5)(B)**

99.     Plaintiff realleges paragraphs 1 through 80 and 87 above.

100.    Howard and Howard Law, through their own acts and through the acts of Brann and/or Morgan Drexen, violated 11 U.S.C. § 526(a)(2) by counseling or advising Roberts to make a statement or statements on the Original and Filed Bankruptcy Documents, that were untrue or misleading, or that upon the exercise of reasonable care, should have been known to be untrue or misleading, in one or more of the following respects:

a.  By stating in response to SOFA item 9 that the debtor paid Brann in 2015 "$1,295.00 for bankruptcy representation" and "$355.00 for bankruptcy court filing fee;"

b.  By stating in response to SOFA item 9 that the debtor paid Start Fresh Today $39.00 in July 2015 for credit counseling and debtor education courses;

c.  By failing to disclose payments to Howard Law within one year of the petition date in the amount of at least $865 in response to item 9 on the SOFA;

d.  By failing to disclose payments to Graeff Law within one year of the petition date in the amount of at least $1,118 in response to item 9 on the SOFA; and

**Page 23 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06062-rld    Doc 1    Filed 06/10/16

e. By failing to list on Schedule B the difference in the amount of fees Roberts paid to Howard Law and what Howard Law paid to Brann.

101.    Howard and Howard Law intentionally violated 11 U.S.C. § 526(a)(2) or engaged in a clear and consistent pattern or practice of violating that section.

102.    Pursuant to 11 U.S.C. § 526(c)(5)(B), a civil penalty should be imposed against Howard and Howard Law in the amount of up to $5,000 for their violation of 11 U.S.C. § 526(a)(2).

**SIXTH CLAIM FOR RELIEF**

**Against Graeff and Graeff Law**

**Injunction against Continued Violations of 11 U.S.C. § 526**

**11 U.S.C. § 526(c)(5)(A)**

103.    Plaintiff realleges paragraphs 1 through 80, 82 through 84, 92 and 93 above.

104.    Pursuant to 11 U.S.C. § 526(c)(5)(A), an injunction should be issued prohibiting Graeff and Graeff Law from violating 11 U.S.C. § 526 due to their intentional violation of 11 U.S.C. § 526 and/or their clear and consistent pattern or practice of violating 11 U.S.C. § 526.

**SEVENTH CLAIM FOR RELIEF**

**Against Howard and Howard Law**

**Injunction against Continued Violations of 11 U.S.C. § 526**

**11 U.S.C. § 526(c)(5)(A)**

105.    Plaintiff realleges paragraphs 1 through 80, 87 through 89, 96, 97, 100, and 101 above.

106.    Pursuant to 11 U.S.C. § 526(c)(5)(A), an injunction should be issued prohibiting Howard and Howard Law from violating 11 U.S.C. § 526 due to their intentional violation of 11 U.S.C. § 526 and/or their clear and consistent pattern or practice of violating 11 U.S.C. § 526.

/ / /

/ / /

**Page 24 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06062-rld    Doc 1    Filed 06/10/16

## EIGHTH CLAIM FOR RELIEF

### Against Graeff and Graeff Law

### Cancellation of Agreement and Refund of Fees

### 11 U.S.C. §§ 526(c)(1), 105(a)

107.    Plaintiff realleges paragraphs 1 through 80 and 82 above.

108.    Graeff and Graeff Law's contracts with Roberts do not comply with the material requirements of 11 U.S.C. §§ 526(a)(1) and/or (a)(3).

109.    Pursuant to 11 U.S.C. § 526(c)(1), any agreement between Graeff and/or Graeff Law and Roberts is void and unenforceable because the contract failed to comply with the material requirements of 11 U.S.C. § 526.

110.    Pursuant to 11 U.S.C. § 105(a), the Court should order Graeff and Graeff Law to refund fees received from Roberts due to the cancellation of the agreement with Roberts pursuant to 11 U.S.C. § 526(c)(1).

## NINTH CLAIM FOR RELIEF

### Against Howard and Howard Law

### Refund of Fees for Failure to File a Statement of Compensation

### 11 U.S.C. §§ 329(a), 105(a) and Fed. R. Bankr. P. 2016(b)

111.    Plaintiff realleges paragraphs 1 through 80 above.

112.    Howard and Howard Law violated 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b) because they failed to file a statement of compensation paid or agreed to be paid for payments and/or agreements made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation or in connection with the case, and the source of such compensation.

/  /  /

/  /  /

/  /  /

**Page 25 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

113.    Howard and Howard Law should be required to refund all fees received due to their violations of 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b) pursuant to 11 U.S.C. § 105(a) and *Neben & Starrett Inc. v. Chartwell Fin. Corp.* (*In re Park-Helena Corp*.), 63 F.3d 877 (9th Cir. 1995).

## TENTH CLAIM FOR RELIEF

### Against Graeff and Graeff Law

### Refund of Fees

### 11 U.S.C. § 329(b)

114.    Plaintiff realleges paragraphs 1 through 80 above.

115.    Graeff and Graeff Law's fees paid within one year of the filing of Roberts's bankruptcy case should be determined to be unreasonable pursuant to 11 U.S.C. § 329(b), and Graeff Law's agreements with Roberts should be cancelled because the services provided by Graeff and Graeff Law exceeded the reasonable value of the services.  All fees received by Graeff and Graeff Law within one year of the filing of Roberts's case should be refunded pursuant to 11 U.S.C. § 329(b).

## ELEVENTH CLAIM FOR RELIEF

### Against Howard and Howard Law

### Refund of Fees

### 11 U.S.C. § 329(b)

116.    Plaintiff realleges paragraphs 1 through 80 above.

117.    Howard and Howard Law's fees paid within one year of the filing of Roberts's bankruptcy case should be determined to be unreasonable pursuant to 11 U.S.C. § 329(b), and Howard Law's agreements with Roberts, if any, should be cancelled because the services provided by Howard and Howard Law exceeded the reasonable value of the services.  All fees received by Howard and Howard Law within one year of the filing of Roberts's case should be refunded pursuant to 11 U.S.C. § 329(b).

**Page 26 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06062-rld    Doc 1    Filed 06/10/16

## TWELFTH CLAIM FOR RELIEF

### Against Graeff

### Discipline and Sanctions under Local Bankruptcy Rule 9011-3

118.    Plaintiff realleges paragraphs 1 through 80 above.

119.    District of Oregon Local Bankruptcy Rule ("LBR") 9011-3 provides for a variety of remedies, including "[a]ny other appropriate sanction or remedy," if an attorney without just cause fails to comply with any provision of an LBR, FRCP, FRBP, LR, statute, or order.  *See* LBR 9011-3(a)(4).  District of Oregon Local Rule ("LR") 83-7(a), in turn, requires that every attorney admitted by general or special practice must "[b]e familiar and comply with the Oregon State Bar Standards of Professional Conduct and this Court's Statement of Professionalism."

120.    Graeff should be sanctioned under LBR 9011-3 for his violations of the Bankruptcy Code as alleged herein without just cause and for his violations of LR 83-7(a) without just cause by failing to comply with multiple Oregon Rules of Professional Conduct including, but not limited to, Rule 1.3 (Diligence), 1.4 (Communication), 1.5 (Fees), 1.15 (Safekeeping of Property), 1.16 (Terminating Representation), 5.3 (Responsibilities Regarding Nonlawyer Assistance), 5.4 (Professional Independence of a Lawyer), 5.5 (Unauthorized Practice of Law), and/or 8.4 (Misconduct).

121.    The civil sanctions imposed against Graeff should be sufficient to deter Graeff from engaging in similar misconduct in the future and should take into account his prior failure to follow through on representations that he would discontinue his relationships with Morgan Drexen and Howard Law.  The civil sanctions imposed by the Court should include at least a return of all fees Graeff received in connection with Roberts's bankruptcy case, a report to the court of the transition of Graeff's bankruptcy clients after he terminated his relationship with Howard Law, restrictions on the sharing of fees for bankruptcy clients by Graeff with attorneys not licensed to practice in Oregon, and a requirement that Graeff take continuing legal education in ethics sufficient to earn five credit hours.

# THIRTEENTH CLAIM FOR RELIEF

## Against Graeff

### Discipline and Sanctions under the Bankruptcy Court's Inherent Authority

122.    Plaintiff realleges paragraphs 1 through 80 above.

123.    Graeff should be disciplined and sanctioned under the bankruptcy court's inherent power to discipline attorneys who appear before it and to sanction attorneys for "bad faith" or "willful misconduct" due to his failure to timely provide bankruptcy services to Roberts, misrepresentations regarding the fees and expenses charged to Roberts for bankruptcy services, excessive fees and expenses charged to Roberts for bankruptcy services, failure to timely communicate with Roberts regarding the status of her bankruptcy matter, unilateral termination of his representation of Roberts, and maintenance of a relationship with Howard, Howard Law, and Morgan Drexen that resulted in violations of the Oregon Rules of Professional Conduct.

124.    The civil sanctions imposed against Graeff should be sufficient to deter Graeff from engaging in similar misconduct in the future and should take into account his prior failure to follow through on representations that he would discontinue his relationships with Morgan Drexen and Howard Law.  The civil sanctions imposed by the Court should include at least a return of all fees Graeff received in connection with Roberts's bankruptcy case, a report to the court of the transition of Graeff's bankruptcy clients after he terminated his relationship with Howard Law, restrictions on the sharing of fees for bankruptcy clients by Graeff with attorneys not licensed to practice in Oregon, and a requirement that Graeff take continuing legal education in ethics sufficient to earn five credit hours.

**WHEREFORE**, Plaintiff prays for a judgment:

1.    Against Graeff and Graeff Law:

    a.    On plaintiff's first and third claims for relief, awarding civil penalties in the amount up to $5,000 total;

    b.    On plaintiff's sixth claim for relief, imposing an injunction prohibiting the

**Page 28 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06062-rld    Doc 1    Filed 06/10/16

violation of 11 U.S.C. § 526;

      c.      On plaintiff's eighth claim for relief, requiring the refund of all fees received by Graeff Law from Roberts;

      d.      On plaintiff's tenth claim for relief, requiring the refund of all fees received by Graeff from Roberts within one year of the petition date; and

      e.      Requiring the payment of plaintiff's costs as allowed by the court.

2.      Against Howard and Howard Law:

      a.      On plaintiff's second, fourth, and fifth claims for relief, awarding civil penalties in the amount up to $5,000 total;

      b.      On plaintiff's seventh claim for relief, imposing an injunction prohibiting the violation of 11 U.S.C. § 526;

      c.      On plaintiff's ninth claim for relief, requiring the refund of all fees received by Howard and Howard Law;

      d.      On plaintiff's eleventh claim for relief, requiring the refund of all fees received by Howard Law from Roberts within one year of the petition date; and

      e.      Requiring the payment of plaintiff's costs as allowed by the court.

3.      Against Graeff:

      a.      On plaintiff's twelfth claim for relief, imposing appropriate civil sanctions under LBR 9011-3.

      b.      On plaintiff's thirteenth claim for relief, imposing appropriate civil sanctions under the court's inherent power.

4.      Against all defendants:

      a.      Providing for such other and further relief as the court deems just and proper.

/ / /

/ / /

**Page 29 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

DATED this 10th day of June, 2016.

Respectfully submitted,
GAIL BREHM GEIGER
Acting U.S. Trustee for Region 18


 /s/ Carla G. McClurg
Carla G. McClurg, CSB# 227738
Trial Attorney

**Page 30 – UNITED STATES TRUSTEE'S COMPLAINT FOR REFUND OF FEES, INJUNCTIVE RELIEF, CIVIL PENALTIES, AND OTHER SANCTIONS**

Case 16-06062-rld    Doc 1    Filed 06/10/16