Loren S. Scott, OSB #024502
lscott@scott-law-group.com
THE SCOTT LAW GROUP
2350 Oakmont Way, Ste. 106
Eugene, OR 97401
Telephone: (541) 868-8005
Facsimile: (541) 868-8004
      Attorney for Defendants Erik Graeff &
      the Law Offices of Erik Graeff, P.C.

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 15-63116-tmr7 |
|---|---|
| Mary Ann Michiko Roberts, | |
| Debtor. | |
| United States Trustee, | Adv. Proc. No. 16-06062-tmr |
| Plaintiff, | **ANSWER OF DEFENDANTS ERIK GRAEFF AND LAW OFFICES OF ERIK GRAEFF, P.C.** |
| v. | |
| Vincent Howard; Howard Law, P.C.; Erik Graeff; and the Law Offices of Erik Graeff, P.C., | |
| Defendants. | |

      Come now Defendants Erik Graeff and the Law Offices of Erik Graeff, P.C. (collectively "Graeff"), and answer Plaintiff's Complaint for Refund of Fees, Injunctive Relief, Civil Penalties, and other Sanctions ("Complaint") as follows:

      1.     Graeff admits the allegations in paragraph 1.

      2.     Graeff is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them. In addition, Defendant adds:

      **LBR 7008-1 Statement.** Defendant hereby consents to entry of final order or judgment on all claims in this matter by the bankruptcy court.

**ANSWER TO COMPLAINT**      Page 1 of 5

3. Graeff is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 3 through 9 and therefore denies them.

4. Graeff admits the allegations in paragraphs 10 and 11.

5. With respect to paragraph 12, Graeff admits to being a "debt relief agency" but denies being a debt relief agency as it relates to Mary Ann Michiko Roberts.

6. Graeff is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 through 19 and therefore denies them.

7. Graeff admits that he signed a Local Counsel Engagement Letter. The terms of the letter speak for themselves and Graeff therefore denies the remaining allegations contained in paragraphs 20 through 24.

8. Graeff admits that he received a Letter of Understanding. The terms of the letter speak for themselves and Graeff therefore denies the remaining allegations of paragraph 25 through 27.

9. Graeff admits that he received an Amendment to the Local Counsel Engagement Letter. The terms and conditions of the amendment speak for themselves and Graeff therefore denies the remaining allegations of paragraph 28.

10. Graeff admits the allegations in paragraph 29.

11. Graeff admits that he testified during a "2004 Exam" in the "Stites" case. Graeff's testimony speaks for itself and Graeff therefore denies the remaining allegations of paragraph 30.

12. Graeff is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 31 and 32 and therefore denies them.

13. Graeff denies the allegations in paragraph 33.

/ / /

14. Graeff is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 and therefore denies them.

15. Graeff admits the allegations in paragraph 35.

16. Plaintiff makes no factual allegations in paragraph 36 to which an answer is warranted.

17. Graeff admits that he testified during a "2004 Exam" in the "Stites" case. Graeff's testimony speaks for itself and Graeff therefore denies the remaining allegations of paragraph 37.

18. Graeff is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 38 through 80 and therefore denies them.

19. With respect to paragraph 81, Graeff admits and denies the allegations in paragraphs 1 through 80 as initially admitted and denied.

20. Graeff denies the allegations in paragraph 82 through 85.

21. Paragraphs 86 through 90 relate to claims against defendants other than Graeff and, therefore, no response is required.

22. With respect to paragraph 91, Graeff admits and denies the allegations in paragraphs 1 through 80 and paragraph 82 as initially admitted and denied.

23. Graeff denies the allegations in paragraphs 92 through 94.

24. Paragraphs 95 through 102 relate to claims against defendants other than Graeff and, therefore, no response is required.

25. With respect to paragraph 103, Graeff admits and denies the allegations in paragraphs 1 through 80, 82 through 84, 92 and 93 as initially admitted and denied.

26. Graeff denies the allegations in paragraph 104.

/ / /

27. Paragraphs 105 and 106 relate to claims against defendants other than Graeff and, therefore, no response is required.

28. With respect to paragraph 107, Graeff admits and denies the allegations in paragraphs 1 through 80 and paragraph 82 as initially admitted and denied.

29. Graeff denies the allegations in paragraphs 108 through 110.

30. Paragraphs 111 through 113 relate to claims against defendants other than Graeff and, therefore, no response is required.

31. With respect to paragraph 114, Graeff admits and denies the allegations in paragraphs 1 through 80 as initially admitted and denied.

32. Graeff denies the allegations in paragraph 115.

33. Paragraphs 116 and 117 relate to claims against defendants other than Graeff and, therefore, no response is required.

34. With respect to paragraph 118, Graeff admits and denies the allegations in paragraphs 1 through 80 as initially admitted and denied.

35. Graeff denies the allegations in paragraphs 119 through 121.

36. With respect to paragraph 122, Graeff admits and denies the allegations in paragraphs 1 through 80 as initially admitted and denied.

37. Graeff denies the allegations in paragraphs 123 and 124.

38. Graeff denies any further allegations not expressly admitted herein.

WHEREFORE, Graeff prays for relief as follows:

A. For an Order dismissing Plaintiff's claims against Graeff with prejudice;

B. For Graeff's costs and disbursements; and

/ / /

/ / /

C. For such other relief as this Court deems equitable and just.

DATED this 11th day of August, 2016.

                        THE SCOTT LAW GROUP

                        By:   /s/ Loren S. Scott
                               Loren S. Scott, OSB #024502
                               Of Attorneys for Defendants

**ANSWER TO COMPLAINT**                        Page 5 of 5

Case 16-06062-rld    Doc 17    Filed 08/11/16

# CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2016, I directed my staff to serve the foregoing **ANSWER OF DEFENDANTS ERIK GRAEFF AND LAW OFFICES OF ERIK GRAEFF, P.C.** on the following:

☒ **Via First Class Mail to:**

| | |
|---|---|
| Vincent Howard | Howard Law, P.C. |
| Howard Law, PC | Attn: Jeffrey Katz |
| 2099 S State College Blvd | 1100 Town & Country Rd. |
| Suite 600 | Suite 1250 |
| Anaheim, CA 92806 | Orange, CA 92868 |

☐ Via Facsimile

☒ **Via ECF Notification**

HOLLY C HAYMAN         hhayman@llg-llc.com,
                        justin-leonard-leonard-law-group-llc-5265@ecf.pacerpro.com
CARLA GOWEN MCCLURG     carla.mcclurg@usdoj.gov
P SCOTT McCLEERY        scott@mccleerywade.com, anne@mccleerywade.com

☐ Via E-mail to:

DATED: August 11, 2016

                                               /s/ Loren S. Scott
                                               Loren S. Scott, OSB# 024502

CERTIFICATE OF SERVICE - Page 1 of 1

Case 16-06062-rld    Doc 17    Filed 08/11/16