Vincent Howard, Esq. (CA SBN 232478)
HOWARD LAW. P.C.
2099 S. State College Blvd, Suite 600
Anaheim, CA 92806
Telephone No.: 800-872-5925
vhoward@howardlaw.com

Pro Se

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

| | |
|---|---|
| IN RE<br><br>MARY ANN MICHIIKO ROBERTS,<br><br>Debtor. | Bankruptcy Case No.: 15-63116-tmr7<br><br>Adv. Proc. No. 16-06062-tmr<br><br>DEFENDANT VINCENT HOWARD AND HOWARD LAW, P.C.'S ANSWER |
| UNITED STATES TUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>VINCENT HOWARD, HOWARD LAW, P.C., ERIK GRAEFF, LAW OFFICES OF ERIK GRAEFF, P.C.,<br><br>Defendants. | |

Defendant Vincent Howard, on behalf of himself and Howard Law, P.C., for whom he is the sole shareholder (collectively "Howard"), answers Plaintiff's Complaint as the allegations pertain to Howard as follows:

1. Howard admits the allegations in paragraph 1; and specifically denies that this Court has personal jurisdiction over Vincent Howard.

2. Howard denies the allegations in paragraph 2.

3. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

4. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

6. Howard admits the allegations in paragraph 6.

7. Howard admits the allegations in paragraph 7.

8. Howard admits the allegations in paragraph 8.

9. Responding to paragraph 9, Howard admits that Howard Law was a debt relief agency.

10. Howard admits the allegations in paragraph 10.

11. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them.

12. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them.

13. Howard denies the allegation in paragraph 13.

14. Howard denies that Howard assisted Morgan Drexen in forming a network of attorneys throughout the United States to participate with Morgan Drexen to provide consumer debt resolution services. Howard denied that Morgan Drexen adopted an Attorney Model.

15. Howard denies the allegation in paragraph 15.

16. Howard denies the allegation in paragraph 16.

17. Howard denies that Morgan Drexen had a program into which consumers entered. Howard denies that Morgan Drexen solicited clients. Howard admits that Morgan Drexen performed the remaining tasks under Howard's supervision in connection with Howard's clients.

18. Howard denies that the district court found that consumers were charged illegal upfront fees for debt relief services and that false representations were made to consumers. A default was entered against Morgan Drexen without any findings on the merits of the CFPB complaint.

19. Howard admits the allegations in paragraph 19.

20. Howard admits he signed a Local Counsel Engagement Letter. The terms of the letter speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 20.

21. Howard admits he signed a Local Counsel Engagement Letter. The terms of the letter speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 21.

22. Howard admits he signed a Local Counsel Engagement Letter. The terms of the letter speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 22.

23. Howard admits he signed a Local Counsel Engagement Letter. The terms of the Letter speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 23.

24. Howard admits he signed a Local Counsel Engagement Letter. The terms of the Letter speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 24.

25. Howard admits he signed a Letter of Understanding with Graeff. The terms of the Letter speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 25.

26. Howard admits he signed a Letter of Understanding with Graeff. The terms of the Letter speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 26.

27. Howard admits he signed a Letter of Understanding with Graeff. The terms of the Letter speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 27.

28. Howard admits he signed an Amendment to Local Counsel Engagement Agreement with Graeff. The terms of the Letter speak for themselves and Howard therefore denies the remaining allegations contained in paragraph 29.

29. Howard denies the allegations in paragraph 35.

30. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and therefore denies them.

31. Howard admits that the Howard Law website represented that Graeff had an ongoing and personal relationship with the law firm. In addition to operating his on law firm with his own clients, Graeff was *of counsel* to Howard Law.

32. Howard denies that it profited from fees paid to Graeff Law by Roberts.

33. Howard denies the allegations in paragraph 33.

34. Howard admits the allegations in paragraph 34.

35. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies them.

36. Howard admits that Morgan Drexen provided administrative/paralegal services in support of Howard's legal services to its clients. When performing those services, Howard had a duty to supervise the conduct of Morgan Drexen's staff.

37. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them.

38. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies them.

39. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies them.

40. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies them.

41. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies them.

42. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies them.

43. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies them.

44. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies them.

45. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore denies them.

46. The terms of the LAP Agreement speak for themselves and Howard therefore denies the allegations contained in paragraph 46.

47. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 and therefore denies them.

48. The terms of the Bankruptcy Agreement speak for themselves and Howard therefore denies the allegations contained in paragraph 48.

49. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 and therefore denies them.

50. The terms of the Bankruptcy Agreement speak for themselves and Howard therefore denies the allegations contained in paragraph 49.

51. The terms of the Bankruptcy Agreement speak for themselves and Howard therefore denies the allegations contained in paragraph 51.

52. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore denies them.

53. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore denies them.

54. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 and therefore denies them.

55. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore denies them.

56. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 and therefore denies them.

57. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore denies them.

58. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore denies them.

59. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 and therefore denies them.

60. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 and therefore denies them.

61. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore denies them.

62. Howard admits that that it was informed by Roberts that she was undergoing medical treatment in April 2015. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegation that Roberts contacted Morgan Drexen multiple times during the spring and summer 2015 in an attempt to get her bankruptcy petition finalized and file and therefore denies the allegation.

*Howard and Howard Law's Answer*

- 8 -

Case 16-06062-rld    Doc 19    Filed 08/19/16

63. Howard admits the allegation in paragraph 63; however, Howard denies that it retained the $865.

64. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore denies them.

65. In responding to paragraph 65, Howard admits that a letter was sent to Ms. Roberts on April 30, 2015. The content of that letter speaks for itself and therefore the remaining allegations are denied by Howard.

66. In responding to paragraph 66, Howard admits that a letter was sent to Ms. Roberts on April 30, 2015. The content of that letter speaks for itself and therefore the remaining allegations are denied by Howard.

67. In responding to paragraph 67, Howard admits that a letter was sent by Ms. Roberts on or about May 15, 2015. The content of that letter speaks for itself and therefore the remaining allegations are denied by Howard.

68. In responding to paragraph 68, Howard denies that a Morgan Drexen representative made such a representation to Ms. Roberts.

69. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies them.

70. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore denies them.

71. In responding to paragraph 69, Howard admits that a representative from Howard Law, P.C., reached out to Brann.

72. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore denies them.

73. Howard admits the allegations in paragraph 73.

74. Howard admits the allegations in paragraph 74.

75. The Howard Law invoices speak for themselves. Howard admits that no fees were paid to the law firm by Brann.

76. Howard is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 regarding Ms. Brann's conduct and therefore denies them.

77. In response to paragraph 77, SOFA, the Original Bankruptcy Documents and the Filed Bankruptcy Documents speak for themselves and therefore the remaining allegations are denied by Howard.

78. In response to paragraph 78, the Original Bankruptcy Documents for themselves and therefore the remaining allegations are denied by Howard.

79. In response to paragraph 79, Howard denies that it has engaged in a clear and consistent pattern or practice of problematic conduct, including violating 11 U.S.C. § 526.

- 10 -

*Howard and Howard Law's Answer*

80. In response to paragraph 80, Howard denies it has engaged in a clear and consistent pattern or practice of violating 11 U.S.C. § 526.

**FIRST CLAIM FOR RELIEF**
**Civil Penalty for Misrepresenting Services**
**Against Graeff and Graeff Law**
**11 U.S.C. §§ 526(a)(3), 526(c)(5)(B)**

81. Howard admits and denies the allegations of paragraphs 1-80 as initially admitted and denied.

82. Plaintiff makes no allegations in paragraph 82-85 concerning Howard.

**SECOND CLAIM FOR RELIEF**
**Civil Penalty for Misrepresenting Services**
**Against Howard and Howard Law**
**11 U.S.C. §§ 526(a)(3), 526(c)(5)**

86. Howard admits and denies the allegations of paragraphs 1-85 as initially admitted and denied.

87. Howard denies the allegations in paragraphs 87, 88, 89, and 90.

**THIRD CLAIM FOR RELIEF**
**Against Graeff and Graeff Law**
**Civil Penalty for Failing to Perform Services**
**11 U.S.C. §§ 526(a)(1), 526(c)(5)(B)**

91. Howard admits and denies the allegations of paragraphs 1-90 as initially admitted and denied.

92. Plaintiff makes no allegations in paragraphs 92-94 concerning Howard.

*Howard and Howard Law's Answer*

## FOURTH CLAIM FOR RELIEF
### Against Howard and Howard Law
### Civil Penalty for Failing to Perform Services
### 11 U.S.C. §§ 526(a)(1), 526(c)(5)(B)

95. Howard admits and denies the allegations of paragraphs 1-80 and 87 as initially admitted and denied.

96. Howard denies the allegations in paragraphs 96, 97, and 98.

## FIFTH CLAIM FOR RELIEF
### Against Howard and Howard Law
### Civil Penalty for Advising Roberts to Make Untrue and/or Misleading Statements
### 11 U.S.C. §§ 526(a)(2), 526(c)(5)(B)

99. Howard admits and denies the allegations of paragraphs 1-80 and 87 as initially admitted and denied.

100. Howard denies the allegations in paragraphs 100, 101, and 102.

## SIXTH CLAIM FOR RELIEF
### Against Graeff and Graeff Law
### Injunction against Continued Violations of 11 U.S.C. § 526
### 11 U.S.C. § 526(c)(5)(A)

103. Howard admits and denies the allegations of paragraphs 1-102 as initially admitted and denied.

104. Plaintiff makes no allegations in paragraph 104 concerning Howard.

## SEVENTH CLAIM FOR RELIEF
### Against Howard and Howard Law
### Injunction against Continued Violations of 11 U.S.C. § 526
### 11 U.S.C. § 526(c)(5)(A)

105. Howard admits and denies the allegations of paragraphs 1-104 as initially admitted and denied.

106. Howard denies the allegations in paragraph 106.

**EIGHTH CLAIM FOR RELIEF**
**Against Graeff and Graeff Law**
**Cancellation of Agreement and Refund of Fees**
**11 U.S.C. §§ 526(c)(1), 105(a)**

107. Howard admits and denies the allegations of paragraphs 1-106 as initially admitted and denied.

108. Plaintiff makes no allegations in paragraphs 108, 109, and 110 concerning Howard.

**NINTH CLAIM FOR RELIEF**
**Against Howard and Howard Law**
**Refund of Fees for Failure to File a Statement of Compensation**
**11 U.S.C. §§ 329(a), 105(a) and Fed. R. Bankr. P. 2016(b)**

111. Howard admits and denies the allegations of paragraphs 1-110 as initially admitted and denied.

112. Howard denies the allegations in paragraphs 112 and 113.

**TENTH CLAIM FOR RELIEF**
**Against Graeff and Graeff Law**
**Refund of Fees**
**11 U.S.C. § 329(b)**

114. Howard admits and denies the allegations of paragraphs 1-113 as initially admitted and denied.

115. Plaintiff makes no allegations in paragraph 115 concerning Howard.

*Howard and Howard Law's Answer*

## ELEVENTH CLAIM FOR RELIEF
### Against Howard and Howard Law
### Refund of Fees
### 11 U.S.C. § 329(b)

116. Howard admits and denies the allegations of paragraphs 1-110 as initially admitted and denied.

117. Howard denies the allegations in paragraphs 117.

## TWELFTH CLAIM FOR RELIEF
### Against Graeff
### Discipline and Sanctions under Local Bankruptcy Rule 9011-3

118. Howard admits and denies the allegations of paragraphs 1-113 as initially admitted and denied.

119. Plaintiff makes no allegations in paragraphs 119-121 concerning Howard.

## THIRTEENTH CLAIM FOR RELIEF
### Against Graeff
### Discipline and Sanctions under the Bankruptcy Court's Inherent Authority

122. Howard admits and denies the allegations of paragraphs 1-113 as initially admitted and denied.

123. Plaintiff makes no allegations in paragraphs 123 and 124 concerning Howard.

WHEREFORE, Howard prays for relief as follows:

A. For an Order dismissing Plaintiff's claims against Howard with prejudice;

B. For Howard's costs and disbursements; and

C. For such other and further relief as this Court deems equitable and just.

Dated: August 18, 2016

                                            Vincent Howard, Esq. for
                                            Howard Law and Pro Se

# CERTIFICATE OF SERVICE

I hereby certify I, Peter Carreon, am employee of Howard Law, P.C., and that on August    2016, I served a copy of the foregoing DEFENDANT VINCENT HOWARD AND HOWARD LAW, P.C.'S ANSWER by mailing a copy of this document, by United States first-class mail, postage prepaid, addressed to the following:

P. Scott McCleery
McCleery & Wade PC
1399 Franklin Blvd 2nd Fl
Eugene OR  97440

Carla G. McClurg
U.S. Department of Justice
Office of the United States Trustee
620 SW Main Street, Room 213
Portland, OR 97205

Dated: August    2016

_____
Peter Carreon